J-S03011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON MICHAEL WOODALL | |
| Appellant | No. 395 WDA 2016 |

Appeal from the Judgment of Sentence February 1, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015787-2006
CP-02-CR-0015796-2006

BEFORE:  OLSON, SOLANO and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 07, 2017**

Appellant, Jason Michael Woodall, appeals from the judgment of sentence entered on February 1, 2016.  On this direct appeal, Appellant's court-appointed counsel filed both a motion to withdraw as counsel and an accompanying brief pursuant to ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, ***Anders v. California***, 386 U.S. 738 (1967).  We conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw.  Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We, therefore, grant counsel's motion to withdraw and affirm the judgment of sentence.

_____
* Retired Senior Judge assigned to the Superior Court

This Court previously summarized the factual background of this case as follows:

On May 31, 2006, at 1:30 p.m., [Jerome] Bauer [("Bauer")] placed a wiretapped telephone call to [A]ppellant to purchase four ounces of cocaine. . . . Appellant indicated that he did have the amount, and they agreed to meet at 4:00 p.m. at the bar Bauer owned. Police officers directed Bauer to place a follow-up call to receive an "extra one," which meant an extra ounce of cocaine. . . . [At the appointed time,] Appellant walked into the bar and made eye contact with Bauer. Appellant then met Bauer in the game room, and they walked to an alcove between the kitchen and the bathroom where they exchanged $3,600[.00] for cocaine. . . . [A]ppellant turned around, walked back out of the bar, jogged to his vehicle, and left. . . .

In the bar, officers recovered the cocaine from Bauer, removed the body wire, and searched him. The cocaine weighed 82.7 grams, which was one ounce short of the agreed upon amount. Consequently, Bauer was directed to place another wiretapped phone call to [A]ppellant regarding the shortage. Appellant agreed to meet Bauer later that evening at the Mt. Oliver McDonald's to provide the missing ounce of cocaine, as he believed he was followed from the parking lot of the bar. . . . Appellant never arrived [at the McDonald's]. Later that evening, Bauer called [A]ppellant and arranged to meet him on June 1, 2006, at the same McDonald's to get the ounce of cocaine. [When Bauer arrived at the McDonald's] Appellant exited the McDonald's and proceeded to the front passenger seat of Bauer's vehicle. While sitting in the car, [A]ppellant handed Bauer an ounce of cocaine. . . .

On June 7, 2006, officers had Bauer make another recorded call to [A]ppellant and set up another transaction for four ounces at the same McDonald's. . . . Appellant arrived and proceeded into the bathroom. However, the undercover officers followed him into the bathroom and placed [A]ppellant under arrest. The officers found a "fairly large softball size of cocaine" in [A]ppellant's right front pocket and a piece of crack cocaine on the floor.

- 2 -

*Commonwealth v. Woodall*, 120 A.3d 1064, 2015 WL 7454076, *1-3 (Pa. Super. 2015), *appeal discontinued*, 143 WAL 2015 & 144 WAL 2015 (Pa. May 22, 2015) (internal citations, footnotes, and certain paragraph breaks omitted).

The procedural history of this case is as follows. On December 29, 2006, the Commonwealth charged Appellant, via two separate criminal informations, with two counts of possession with intent to deliver a controlled substance,[1] two counts of possession of a controlled substance,[2] two counts of driving with a suspended license,[3] and delivery of a controlled substance.[4] The trial court consolidated the criminal informations for trial.

On March 5, 2009, Appellant was convicted of possession of a controlled substance, possession with intent to deliver a controlled substance, and driving with a suspended license for the events that occurred on June 7, 2006. The jury was unable to reach a verdict on the delivery of a controlled substance, possession with intent to deliver a controlled substance, and possession of a controlled substance charges for the events that occurred on May 31 and June 1, 2006. On March 24, 2009, Appellant

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 75 Pa.C.S.A. § 1543(a).

[4] 35 P.S. § 780-113(a)(30).

was sentenced to an aggregate term of 7 to 14 years' imprisonment for the events that occurred on June 7, 2006.

A retrial was held with respect to the May 31 and June 1, 2006 events and on April 1, 2011, Appellant was convicted of delivery of a controlled substance, possession with intent to deliver a controlled substance, possession of a controlled substance, and driving with a suspended license. On June 30, 2011, the trial court sentenced Appellant to an aggregate term of 7 to 14 years' imprisonment for the events that occurred on May 31 and June 1, 2006. That sentence was ordered to run concurrently with the term of imprisonment imposed on March 24, 2009.

On June 14, 2012, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Counsel was appointed. On February 13, 2013, Appellant filed an amended PCRA petition. On February 15, 2013, the PCRA court granted the amended PCRA petition and reinstated Appellant's direct appellate rights *nunc pro tunc*. On March 27, 2015, this Court affirmed Appellant's judgments of sentence. ***See generally Woodall***, 2015 WL 7454076. Appellant's allocatur petitions were discontinued on May 22, 2015.

On May 6 and June 29, 2015, Appellant filed *pro se* PCRA petitions. Counsel was appointed and filed an amended PCRA petition. On February 1, 2016, the PCRA court granted Appellant's amended PCRA petition and vacated his judgments of sentence. That same day, the trial court

- 4 -

sentenced Appellant to an aggregate term of 42 to 84 months' imprisonment. This timely appeal followed.[5]

Appellant's counsel raises one issue in his **Anders** brief:

Whether the trial court erred and/or abused its discretion by sentencing Appellant to a state sentence and telling Appellant that the trial court would immediately parole Appellant when that has not been done?

**Anders** Brief at 8.

Before reviewing the merits of this appeal, we must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1248-1249 (Pa. Super. 2015) (citation omitted). To withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. "First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 183 (Pa. Super. 2016), *quoting* **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Second, counsel must file an **Anders** brief, in which counsel:

(1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous.

---

[5] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

- 5 -

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa. Super. 2015), *quoting Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his client and "advise[] him of his right to retain new counsel, proceed *pro se*[,] or raise any additional points that he deems worthy of the court's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5, *quoting McClendon*, 434 A.2d at 1187. It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations. We now turn to whether this appeal is wholly frivolous.[6]

The lone issue raised in counsel's *Anders* brief challenges the discretionary aspects of Appellant's sentence. Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition

---

[6] Appellant did not file a response to counsel's *Anders* brief.

- 6 -

this Court for permission to appeal the discretionary aspects of his sentence.

***Id.***

As this Court has explained, in order to reach the merits of a discretionary aspects claim,

> [w]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

In this case, Appellant failed to preserve the issue at sentencing or in a post-sentence motion.[7]  Therefore, Appellant waived his discretionary aspects claim.  ***See id.***  An issue that is waived is frivolous.  ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008).  Therefore, Appellant's discretionary aspects claim is frivolous.

In sum, we conclude that the lone issue raised in counsel's ***Anders*** brief is wholly frivolous.  Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists.  Therefore, we grant counsel's request to withdraw.  Having determined that

---

[7] The issue was not preserved in Appellant's *pro se* "Motion to Suspend Sentence" as Appellant's motion was a legal nullity because it was filed while he was represented by counsel.  ***See Commonwealth v. Reid***, 117 A.3d 777, 781 n.8 (Pa. Super. 2015).  Moreover, even if it were not a legal nullity, Appellant's motion was untimely.  ***See*** Pa.R.Crim.P. 720(A)(1).

the lone issue raised on appeal is frivolous, we affirm the judgment of sentence.

Motion to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2017